# CR 08 191

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 26 2008 ★

**LONG ISLAND OFFICE**

ML:JGM:DF:df
F. # 2003R02386

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOHN DEGUARDIA,
    also known as "Johnny Boy,"
VINCENT CEA and
JOHN CEA,

          Defendants.

- - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 371,
 842(a)(1), 842(i)(1),
 844(a), 1512(b)(3),
 2 and 3551 et seq.)

HURLEY, J.

TOMLINSON, M

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.  The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") was the agency of the United States charged with responsibility for enforcing Title 18, United States Code, Chapter 40, which regulated the importation, manufacture, distribution and storage of explosive materials.

2.  Title 18, United States Code, Chapter 40 required all persons engaging in the business of importing, manufacturing, or dealing in explosive materials to obtain a license from the ATF authorizing them to do so.

3.  Pursuant to the provisions of Title 18, United States Code, Section 841 and Title 27, Code of Federal

Regulations, Section 555.23 (formerly codified at Title 27, Code of Federal Regulations, Section 55.23), ATF was required to publish in the Federal Register a list of explosive materials. Display fireworks were included on the list of explosive materials set forth at 63 Federal Register 24,207.

4.   Defendant JOHN DEGUARDIA, also known as "Johnny Boy," was a resident of Turin, New York, which was located in Lewis County, New York, where he operated the Timberview Lodge, Inc. and Timberview Polaris, Inc.

5.   The defendant VINCENT CEA was a resident of Shirley, New York, and was DEGUARDIA's cousin.

6.   Defendant JOHN CEA was a resident of Hernando Beach, Florida, and was the father of the defendant VINCENT CEA.

7.   Pursuant to the provisions of Title 18, United States Code, Section 843(h)(1), DEGUARDIA was an "employee possessor" of a Maryland fireworks wholesale company (the "Maryland Company"), whose identity is known to the Grand Jury, that was licensed by the ATF to engage in the business of dealing in fireworks.  Specifically, DEGUARDIA was authorized by the ATF to "transport, ship, receive or possess explosive materials as an employee possessor under the Federal explosive license" of the Maryland Company and, in that capacity, DEGUARDIA could discharge, or "shoot," fireworks, including display fireworks, at fireworks shows arranged by or through the Maryland Company,

-2-

including fireworks shows at Timberview Lodge and other locations in Lewis County, New York. DEGUARDIA's authorization by the ATF did not permit him to engage in the business of dealing in display fireworks.

8. DEGUARDIA transported display fireworks he received from the Maryland Company to the New York City metropolitan area and Long Island, New York, where he sold the display fireworks to, among others, VINCENT CEA and JOHN CEA.

9. VINCENT CEA and JOHN CEA stored the display fireworks that they obtained from DEGUARDIA in various sheds, garages and rented storage units that were not approved by the ATF for the safe storage of explosives, and sold the display fireworks they received from DEGUARDIA to customers on Long Island, New York, some of whose identities are known to the Grand Jury. DEGUARDIA occasionally accompanied JOHN CEA when JOHN CEA delivered display fireworks to his customers.

COUNT ONE
(Conspiracy to Engage in the Business
of Dealing in Explosive Materials)

10. The allegations in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between May 2002 and August 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN

DEGUARDIA, also known as "Johnny Boy," VINCENT CEA and JOHN CEA, together with others, did knowingly and intentionally conspire to engage in the business of dealing in explosive materials, to wit: display fireworks, without having obtained a license issued under Title 18, United States Code, Chapter 40, in violation of Title 18, United States Code, Section 842(a)(1).

12.   In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JOHN DEGUARDIA, also known as "Johnny Boy," VINCENT CEA and JOHN CEA, together with others, committed and caused to be committed, among others, the following:

<u>OVERT ACTS</u>

a.   On or about June 25, 2003, DEGUARDIA transported display fireworks in a 2002 Freightliner truck, bearing New York license plate 29478PA, within Suffolk County, New York.

b.   On or about June 25, 2003, JOHN CEA and John Doe #1, an individual whose identity is known to the Grand Jury, unloaded display fireworks from a 2002 Ford van bearing New York license plate BKA9247 that had been rented by VINCENT CEA and was parked outside VINCENT CEA's residence at 8 Lyndale Court, Shirley, New York.

c.    On or about June 27, 2003, DEGUARDIA and VINCENT CEA stored display fireworks in the garage of John Doe #2, an individual whose identity is known to the Grand Jury, that was located at 32-14 Winding Path, Manorville, New York.

d.    In or about and between May 2003 and July 2003, VINCENT CEA and JOHN CEA delivered display fireworks to, and stored the display fireworks in, a shed at the residence of John Doe #3, an individual whose identity is known to the Grand Jury,  that was located at 104 Neptune Avenue, Mastic, New York.

e.    On or about July 24, 2003, JOHN CEA sent via United States mail to John Doe #2 a purported loan repayment acknowledgment (an "IOU") representing a debt of $12,590 owed to JOHN CEA and VINCENT CEA for the cost of display fireworks delivered to John Doe #2 on or about June 27, 2003.

f.    In or about November 2003, VINCENT CEA directed John Doe #2 to pay $12,500 to another individual as payment for fireworks, including display fireworks.

g.    In or about and between May 2004 and June 2004, VINCENT CEA and JOHN CEA stored display fireworks in a garage belonging to Jane Doe #1, an individual whose identity is known to the Grand Jury, that was located at 101 Diana Drive, Mastic Beach, New York.

h.    In or about and between May 2005 and July 2005, VINCENT CEA and John Doe #4, an individual whose identity

is known to the Grand Jury, delivered display fireworks to customers of John Doe #4.

      i.  In or about May 2005, DEGUARDIA sent via United States mail a price list of fireworks, including display fireworks, to John Doe #5, an individual whose identity is known to the Grand Jury.

      j.  In or about August 2005, VINCENT CEA and another individual approached John Doe #3 at 104 Neptune Avenue, Mastic, New York, and demanded payment for previously delivered display fireworks.

      (Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

COUNT TWO
(Engaging in the Business of Dealing in Explosive Materials)

13.  The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

14.  In or about and between May 2003 and May 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN DEGUARDIA, also known as "Johnny Boy," VINCENT CEA and JOHN CEA, together with others, did knowingly and intentionally engage

-6-

in the business of dealing in explosive materials, to wit:
display fireworks, without having obtained a license issued under
Title 18, United States Code, Chapter 40.

(Title 18, United States Code, Sections 842(a)(1),
844(a), 2 and 3551 et seq.)

### COUNT THREE
(Possession of Explosive Materials by a Convicted Felon)

15.  The allegations contained in paragraphs one
through nine are realleged and incorporated as if fully set forth
in this paragraph.

16.  In or about and between May 2003 and July 2004,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant VINCENT CEA,
having been convicted in a court of a crime punishable by
imprisonment for a term exceeding one year, did knowingly and
intentionally receive and possess explosive materials, to wit:
display fireworks, which had been shipped and transported in and
affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 842(i)(1),
844(a) and 3551 et seq.)

### COUNT FOUR
(Possession of Explosive Materials by a Convicted Felon)

17.  The allegations contained in paragraphs one
through nine are realleged and incorporated as if fully set forth
in this paragraph.

-7-

18.   On or about June 25, 2003, within the Eastern District of New York and elsewhere, the defendant JOHN CEA, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally receive and possess explosive materials, to wit: display fireworks, which had been shipped and transported in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 842(i)(1), 844(a) and 3551 et seq.)

### COUNT FIVE
(Tampering with a Witness)

19.   The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

20.   On or about and between May 1, 2005 and May 31, 2005, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN DEGUARDIA, also known as "Johnny Boy," did knowingly and intentionally corruptly persuade and engage in misleading conduct towards John Doe #5, an individual whose identity is known to the Grand Jury, with the intent to hinder, delay and prevent the communication to a law enforcement officer of the United States,

to wit: an ATF Special Agent, of information relating to the commission and possible commission of the federal offenses charged in Counts One and Two.

(Title 18, United States Code, Sections 1512(b)(3), 2 and 3551 et seq.)

A TRUE BILL

_Kathleen Hervey_
FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

Criminal   Action   No. _____

# UNITED STATES DISTRICT COURT
## Eastern District of New York

UNITED STATES OF AMERICA

-against-

JOHN DEGUARDIA, a/k/a
"Johnny Boy," VINCENT CEA and
JOHN CEA,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 842(a)(1), 842(i)(1),
844(a), 1512(b)(3), 2 and 3551 et seq.)

A true bill.

_Kathleen Herney_
Foreman

Filed in open court this _____ day of
_____ A.D. _____

Bail, $ _____          _____ Clerk

Marietta Geckos
Assistant U.S. Attorney 202-514-9471

---

SIR:

PLEASE TAKE NOTICE that the within will be
presented for settlement and signature to the Clerk
of the United States District Court in his office at the
U.S. Courthouse, 610 Federal Plaza, Central Islip,
New York, on the ___ day of _____, 20__, at 10:30
o'clock in the forenoon.

Dated: Central Islip, New York
_____ , 20 _____

_____
United States Attorney,
Attorney for _____

_____
Attorney for _____

---

SIR:

PLEASE TAKE NOTICE that the within is a true
copy of _____
duly entered herein on the ___
day of _____
_____ in the office of the Clerk of the
Eastern District of New York.

Dated: Central Islip, New York
_____ , 20 _____

_____
United States Attorney,
Attorney for _____

_____
Attorney for _____